## Case No. 1,078.

### BARTLETT v. MERCER et al.

[8 Ben. 439.]¹

District Court, S. D. New York. June Term, 1876.

BANKRUPTCY—ACTION BY ASSIGNEE TO SET ASIDE FRAUDULENT CONVEYANCE — MORTGAGES — CONSIDERATION.

1. G. M. and his sister J. M., in 1864, conveyed a farm which they owned jointly, for $4,-000. G. M., with the consent of J. M., received all the purchase money and invested a part of it in his own name in two bonds and mortgages and the rest of it in another farm. The two lived together for many years, keeping no hired help, and whatever money each expended being expended for the joint benefit and support of both. No accounts were kept between them, and J. M. had no evidence of indebtedness from G. M. In August, 1870, suits were brought against G. M., for debts growing out of a mercantile business which he was carrying on. He made up an account, treating J. M. as entitled to one-half of the $4,000, and to one half of $1,500 worth of personal property which he had in 1864, and to interest for six years and more, and to $600 for her labor and services for six years; and on August 20, 1870, he conveyed to J. M., in consideration of the amount due by such account, the two bonds and mortgages and the farm which he had bought. In April, 1871, G. M. was adjudicated a bankrupt, and the assignee filed a bill to set aside the conveyance of the bonds and mortgages and of the farm. Held, that, on the evidence, J. M. had always regarded G. M. as absolute owner of all the property, real and personal, which stood in his name, and over which he had exercised ownership and control and which he had treated as his own.

¹ [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

2. That, in the absence of any contract, that. G. M. should pay her for her services, she had no claim on him for such services, while they lived together.

3. That the conveyances, therefore, were made without valid consideration and with intent to hinder and defraud the creditors of G. M., and must be set aside.

In equity. This was a suit in equity by [Ebenezer F. Bartlett] the assignee in bankruptcy of George Mercer, to set aside a conveyance by the bankrupt to his sister, Jane Mercer, of a farm in Columbia Co., N. Y., which conveyance was executed on August 20th, 1870, and to set aside two assignments made by him at the same time of two bonds and mortgages held by him. George Mercer was adjudicated a bankrupt on the 22d day of April, 1871. [Decree for plaintiff.]

Matthew Hale, for complainant.

S. L. Magoun, for defendants.

BLATCHFORD, District Judge. There must be a decree for the plaintiff in this case. The testimony is satisfactory to the point, that the conveyance of the farm to Jane Mercer by George Mercer, who was her brother, on the 20th of August, 1870, and the transfer to her by him on the same day of the two bonds and mortgages, one for $1,500 and the other for $1,100, were made without valid consideration and with intent to hinder, delay and defraud his creditors. Although Jane Mercer held the title jointly with George Mercer to the farm which they sold and conveyed in 1864, yet she permitted George Mercer to receive the entire price of it, $4,000, and to invest a part of it, in his own name, in the two bonds and mortgages above referred to, and the rest of it, in his own name, in the farm which he so conveyed to her in 1870. From 1864, she made no claim to any interest in those bonds and mortgages, or in the farm, so far as appears. The interest on the bonds and mortgages seems to have been collected from time to time by George Mercer, and treated as his own. The farm seems to have been worked as the property of George Mercer, its produce sold and received by him, and his claim of ownership to it, he having the legal title to it, was asserted by him when he was inquired of as to his property. No accounts between himself and Jane Mercer were kept by either of them. She held no evidence of indebtedness against him, and he does not seem to have made known to any one that he was a debtor to Jane Mercer in respect of any matter. Suddenly, after suits had been brought against him for debts growing out of the mercantile business he was carrying on, he hurriedly makes up an account between himself and Jane Mercer, treating her as entitled to one-half of the $4,000, and to one-half of $1,500 of personal property which he had in 1864, and to $1,250 for six years' and more interest on such $2,750, and to $600 for her labor and services for six years, being a total of $4,600, for

which he conveyed the farm to her at $2,000, and assigned the two bonds and mortgages at $2,600. At that time his debts in his mercantile business amounted to between $7,000 and $8,000. His assets in such business nominally exceeded that amount by a very small margin, and, besides that and the property he so transferred to Jane Mercer, he had only $1,300 of property, which he proceeded a few days afterwards to transfer to another relative, a nephew, by a transaction which is the subject of another suit, argued with the present one. There is no evidence that she had any title or claim to the one-half of the $1,500 of personal property. She and her brother had lived together for many years, keeping no hired help; whatever money each expended was expended for the joint benefit and support of both, with the assent of both; and there is no evidence that either considered any money that was expended by either as raising an indebtedness on the part of either to the other, or that Jane Mercer did not always regard her brother as the absolute owner of all the property, real and personal, which stood in his name and over which he exercised ownership and control, and which he treated as his own. So, too, in the absence of any contract, actual or recognized, during the time she lived with her brother, that he should pay her for any services, she had no lawful claim on him for any compensation for any services. It is quite apparent, from the evidence, that the moving cause for the transfers to his sister, was his apprehension of approaching pecuniary trouble and his desire to keep his property from going to his creditors.

There must be a decree setting aside the conveyance and transfers, with costs, with a reference to a special master to take an account, as against Jane Mercer, of the property which she received, giving her proper credits and taking properly into account the $80 note she gave to her brother, and she must convey to the plaintiff such of the property as she still has.